UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:03-cr-207 -12 |
| | ) | Judge Edgar |
| JOSE HOLSENT PEREZ | ) | |

### **MEMORANDUM AND ORDER**

After a trial in October 2004, the jury returned a verdict of guilty against Jose Holsent Perez ("Perez") on Count One of the second superseding indictment for violating 21 U.S.C. § 846, conspiracy to distribute more than 500 grams of methamphetamine. [Doc. No. 294]. On January 31, 2005, this Court sentenced Perez to a term of imprisonment for 121 months. [Doc. No. 355].

Perez took a direct appeal to the Sixth Circuit Court of Appeals. On August 24, 2006, the Sixth Circuit affirmed the judgment and dismissed the appeal. *United States v. Fonseca*, *Perez, Rayfield, and Carballea*, 193 Fed. Appx. 483 (6th Cir. 2006). The judgment of conviction is final and this case is closed. The criminal case against Perez is not pending on direct review in any federal court. He has not filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

On December 14, 2009, Perez filed three interrelated *pro se* motions seeking post-conviction relief pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. [Doc. Nos. 430, 431, 432]. Perez attacks and challenges the validity of his judgment of conviction. Perez argues that the judgment of conviction is void and should be vacated. The Court infers that the reason Perez does not seek to bring these motions for post-conviction relief under 28 U.S.C. § 2255 is that any such motions would likely be time-barred by the statute of limitations in 28 U.S.C. § 2255(f).

After reviewing the record, the Court concludes that the three motions by Perez [Doc. Nos.

1

430, 431, 432] must be denied. Perez is not entitled to any post-conviction relief pursuant to Fed. R. Crim. P. 12(b)(2) and 12(b)(3)(B). His reliance on Fed. R. Crim. P. 12(b)(2) is misplaced. Perez mistakenly cites a former version of Rule 12(b)(2) which is no longer in effect. Fed. R. Crim. P. 12(b) was amended in 2002. The current provision of Rule 12(b) that Perez seeks to rely on is set forth in Rule 12(b)(3)(B).

Fed. R. Crim. P. 12(b)(2) currently provides: "Motions That May Be Made Before Trial. A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The trial in this case was completed in October 2004. Rule 12(b)(2) only allows Perez to make motions prior to the trial. Perez cannot utilize Rule 12(b)(2) to make post-trial motions and he is not authorized by Rule 12(b)(2) to make motions for post-conviction relief. If federal prisoner Perez desires to seek post-conviction relief, he is required to timely file a motion under 28 U.S.C. § 2255, which he has failed to do.

Fed. R. Crim. P. 12(b)(3) provides in pertinent part: "Motions That Must Be Made Before Trial. The following must be raised before trial: ... (B) a motion alleging a defect in the indictment or information – but at any time **while the case is pending,** the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." (Emphasis supplied). The language "while the case is pending" in Rule 12(b)(3)(B) means while the case is pending on direct review either in the trial court or on direct appeal. *United States v. Seher*, 562 F.3d. 1344, 1359 (11th Cir. 2009); *United States v. Alls*, 304 Fed. Appx. 842, 847 (11th Cir. 2008); *United States v. Teh*, 535 F.3d 511, 514-16 (6th Cir. 2008); *United States v. Rosa-Ortiz*, 348 F.3d 33, 36 (1st Cir. 2003). This interpretation is consistent with the case law and the text of former Fed. R. Civ. P. 12(b)(2) as it existed prior to its amendment in 2002. *United States v. Miller*, 161 F.3d

977, 982 (6th Cir. 1998); *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996); *United States v. Meacham*, 626 F.2d 503, 509 (5th Cir. 1980).

The problem for Perez is that his criminal case is not pending on direct review in any federal court. Fed. R. Crim. P. 12(b)(3)(B) does not authorize Perez to make a motion for post-conviction relief after his judgment of conviction becomes final and it has been affirmed on direct appeal by the Sixth Circuit Court of Appeals. Because his criminal case is not pending on direct review, Perez cannot obtain any relief under Rule 12(b)(3)(B). Perez cannot utilize Rule 12(b)(3)(B) as a vehicle to seek post-conviction relief in an effort to bypass and circumvent 28 U.S.C. § 2255.

In his first motion [Doc. No. 430], Perez moves pursuant to Fed. R. Crim. P. 12(b)(2) to vacate his judgment of conviction and sentence arguing that Count One of the second superseding indictment is defective and the judgment is void. Perez raises four claims: (1) Count One of the second superseding indictment fails to charge a drug offense in violation of 21 U.S.C. § 846; (2) the indictment fails to show federal subject matter jurisdiction over the drugs and Perez; (3) the Court's jury instructions and the government's presentation of evidence at trial amount to a prejudicial variance of the indictment; and (4) Perez is actually innocent based on the evidence presented at trial.

The Court notes that, in any event, claims (3) and (4) cannot be properly raised by Perez under Fed. R. Crim. P. 12(b)(3)(B) because they do not involve claims that the indictment is defective for failing to invoke the Court's jurisdiction or failing to state a federal criminal offense.

Perez overlooks the decision rendered by the Sixth Circuit Court of Appeals on August 24, 2006, affirming the judgment of conviction and dismissing his direct appeal. *United States v. Fonseca, Perez, Rayfield, and Carballea*, 193 Fed. Appx. 483. The Sixth Circuit addressed and

3

adjudicated some of the same claims raised here by Perez.

In his instant motion [Doc. No. 430], Perez seeks to resurrect his previous adjudicated argument that this District Court lacked jurisdiction over him and the methamphetamine. The Sixth Circuit put this issue to rest by rejecting the same jurisdictional argument which was raised by Perez on appeal. On direct appeal to the Sixth Circuit, Perez unsuccessfully argued that the District Court lacked jurisdiction. The Sixth Circuit held there was a sufficient nexus to interstate commerce and the District Court properly maintained jurisdiction over the indictment and Perez. *Id*. at 492. Perez cannot relitigate this issue by making a motion for post-conviction relief pursuant to Fed. R. Crim. P. 12(b)(3)(B).

There is another claim by Perez that has likewise been rejected by the Sixth Circuit on direct appeal. Perez claims he is actually innocent. However, Perez does not support his actual innocence claim with any new facts and new reliable evidence that was unknown or unavailable at the time of his trial. Rather, Perez merely contends the evidence at trial was insufficient to prove that he was a member of the methamphetamine-distribution conspiracy and that Perez had anything more than a buyer-seller relationship with co-defendant Fonseca.

The Sixth Circuit dismissed this same argument by Perez on direct appeal. The Sixth Circuit determined there is sufficient evidence to support the conviction of Perez for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The Sixth Circuit said the trial record "is replete with evidence that would support a rational jury's finding that Perez's relationship with Fonseca was more than just a buyer-seller relationship." *Fonseca*, *Perez, Rayfield, and Carballea*, 193 Fed. Appx. at 490. Perez is not permitted to relitigate this issue by making a motion for post-conviction relief pursuant to Fed. R. Crim. P. 12(b)(2) and 12(b)(3)(B). This District Court is bound to follow

4

and enforce the Sixth Circuit's decision.

Moreover, Perez does not come close to making out a credible claim of actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008); *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005). To make out a credible claim of actual innocence, Perez is required to present new facts and reliable evidence – exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was unknown or unavailable at the time of his trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Connolly*, 304 Fed. Appx. at 417; *Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 431 (6th Cir. 2007); *Souter*, 395 F.3d at 590. Perez does not proffer any such new, reliable evidence. His claim of actual innocence is frivolous.

Perez next moves the Court to take "judicial notice" of and entertain the merits of his motion for relief under Fed. R. Crim. P. 12(b)(2). [Doc. No. 431]. Perez also makes a motion to compel the United States government to show good cause why the Court should not grant post-conviction relief to Perez under Rule 12(b)(2). [Doc. No. 432]. These motions are without merit.

Accordingly, the three motions by Perez seeking post-conviction relief under Fed. R. Crim. P. 12(b)(2) and 12(b)(3)(B) [Doc. Nos. 430, 431, 432] are **DENIED**.

SO ORDERED.

ENTERED this the 8th day of January, 2010.

                                    */s/ R. Allan Edgar*
                                    R. ALLAN EDGAR
                           UNITED STATES DISTRICT JUDGE